**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS**

**HEATHER BRISCOE,**

        **Plaintiff,**

        v.                                            **CASE NO. 20-3028-SAC**

**KELLY JOHANSEN,**

        **Defendant.**

**MEMORANDUM AND ORDER**

This matter is a civil rights action filed under 42 U.S.C. § 1983 by a prisoner at the Atchison County Jail. On January 22, 2020, the Court granted plaintiff to and including February 5, 2020, to submit a certified financial statement. Plaintiff has failed to respond.

**Nature of the Complaint**

Plaintiff names a local detective as the sole defendant, alleging that between April 2016-17[1] and November 2019 to the present he "blackmailed" her, by threatening her freedom if she refused to act as a confidential informant. Plaintiff states she suffered mental anguish and depression as a result. As relief, she asks that defendant "be held accountable" so that others are not affected in the future.

**Discussion**

---

[1] This portion of the complaint is subject to dismissal due to plaintiff's failure to file it within the two-year limitation period that applies to claims arising in Kansas filed under 42 U.S.C. § 1983. The statute of limitations for a § 1983 action is "drawn from the personal-injury statute of the state in which the federal district court sits." *Mondragon v. Thompson*, 519 F.3d 1078, 1082 (10th Cir. 2008). In Kansas, the statute of limitations for personal injury actions is two years. Kan. Stat. Ann. § 60-513(a)(4).

A federal court must conduct a preliminary review of any case in which a prisoner seeks relief against a governmental entity or an officer or employee of such an entity. *See* 28 U.S.C. §1915A(a). Following this review, the court must dismiss any portion of the complaint that is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary damages from a defendant who is immune from that relief. *See* 28 U.S.C. § 1915A(b).

In screening, a court liberally construes pleadings filed by a party proceeding pro se and applies "less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007).

To state a claim for relief under Section 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins*, 487 U.S. 42, 48-49 (1988)(citations omitted).

To avoid a dismissal for failure to state a claim, a complaint must set out factual allegations that "raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). The court accepts the well-pleaded allegations in the complaint as true and construes them in the light most favorable to the plaintiff. *Id*. However, "when the allegations in a complaint, however, true, could not raise a [plausible] claim of entitlement to relief," the matter should be dismissed. *Id*. at 558. A court need not accept "[t]hreadbare recitals of the elements of a cause of action supported by mere conclusory statements." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Rather, "to state a claim in federal court, a complaint must explain what each defendant did to [the pro se

plaintiff]; when the defendant did it; how the defendant's action harmed [the plaintiff]; and what specific legal right the plaintiff believes the defendant violated." *Nasious v. Two Unknown B.I.C.E. Agents*, 492 F.3d 1158, 1163 (10th Cir. 2007).

The Tenth Circuit has observed that the U.S. Supreme Court's decisions in *Twombly* and *Erickson* set out a new standard of review for dismissals under 28 U.S.C. § 1915(e)(2)(B)(ii). *See Key v. Bemis*, 500 F.3d 1214, 1218 (10th Cir. 2007)(citations omitted). Following those decisions, courts "look to the specific allegations in the complaint to determine whether they plausibly support a legal claim for relief." *Kay*, 500 F.3d at 1218 (quotation marks and internal citations omitted). A plaintiff "must nudge his claims across the line from conceivable to plausible." *Smith v. United States*, 561 F.3d 1090, 1098 (10th Cir. 2009). In this context, "plausible" refers "to the scope of the allegations in a complaint: if they are so general that they encompass a wide swath of conduct much of it innocent," then the plaintiff has not "nudged [the] claims across the line from conceivable to plausible." *Robbins v. Oklahoma*, 519 F.3d 1242, 1247 (citing *Twombly* at 1974).

The Court has examined the complaint and has identified certain grounds for dismissal. First, plaintiff has failed to comply with a court order by failing to respond to the order directing her to submit a financial statement in support of her application for leave to proceed in forma pauperis. Rule 41(b) of the Federal Rules of Civil Procedure "authorizes a district court, upon a defendant's motion, to order the dismissal of an action for failure to prosecute or for failure to comply with the Federal Rules of Civil Procedure or 'a court order.'" *Young v. U.S.*, 316 F. App'x 764, 771 (10th Cir.

2009)(citing Fed. R. Civ. P. 41(b)). "This rule has been interpreted as permitting district courts to dismiss actions *sua sponte* when one of these conditions is met." *Id.* (citing *Link v. Wabash R.R. Co.*, 370 U.S. 626, 630-31 (1962).

Next, plaintiff's claims of mental suffering are insufficient to support a claim for relief. Generally, the Prison Litigation Reform Act provides that "[n]o Federal civil action may be brought by a prisoner confined in a jail, prison, or other correctional facility, for mental or emotional injury suffered while in custody without a prior showing of physical injury." 42 U.S.C. §1997e(e). But to the extent plaintiff's claim may be construed as a request for injunctive relief, a claim not barred by §1997e(e), it fails to seek relief that can be granted in this action. If plaintiff seeks some type of adverse action by defendant's employer, that authority rests with local officials and not within the jurisdiction of the Court. Likewise, if plaintiff seeks criminal charges against the defendant, that, too, is outside the Court's authority. *See Presley v. Presley*, 102 F. App'x 636, 636-37 (10th Cir. 2004)(holding that any federal court order for "investigation or prosecution of various people for various crimes" would "improperly intrude upon the separation of powers").

### Order to Show Cause

For the reasons set forth, the Court directs plaintiff to show cause why this matter should not be dismissed for failure to state a claim for relief. The failure to file a timely response may result in the dismissal of this action without additional notice.

IT IS, THEREFORE, BY THE COURT ORDERED plaintiff shall show cause on or before **March 13, 2020,** why this matter should not be dismissed.

**IT IS SO ORDERED.**

DATED: This 14th day of February, 2020, at Topeka, Kansas.

                                      S/ Sam A. Crow
                                      SAM A. CROW
                                      U.S. Senior District Judge